UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x


IN RE WANG LITIGATION

**MEMORANDUM AND ORDER**
20-CV-05410 (OEM) (TAM)
21-CV-03254 (OEM) (TAM)
21-CV-07194 (OEM) (TAM)



-------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

Plaintiffs Qian Wang a/k/a Sarah Wang ("Sarah Wang"), Zhanwen Chi, Tiande Wang, Ya Xu, Lu Yang, Jian Min Xu, Yuanfu Gao, and Jin Cheng Miao (collectively "Plaintiffs") commenced this action against Defendants Kirin Transportation Inc. d/b/a Kirin Transportation ("Kirin"), Hebei Tiankai Foundation Engineering Technical Co., Ltd. d/b/a Hebei Tiankai Wood & Land Construction ("Hebei"), Qiang Chen a/k/a Frank Chen ("Frank Chen"), Marriana Yuhua Song a/k/a Nancy Song ("Nancy Song"), Qiuxiang Shi a/k/a Qiu Xian Shi ("Qiu Xian Shi"), and Wei Wang a/k/a Maggie Wang ("Maggie Wang") (collectively "Defendants") for violations of the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). *See generally* Complaint, Dkt. 1 ("Complaint" or "Compl."). On December 15, 2025, after an 11-day jury trial, the jury returned a verdict in favor of Plaintiffs and against all Defendants, except for Maggie Wang, for violations of the NYLL. *See generally* Dkt. 148 to 148-7 ("Jury Verdict Sheets").

Before the Court is Plaintiffs' motion for entry of judgment against Kirin, Hebei, Frank Chen, Nancy Song, and Qiu Xian Shi, and in favor of Maggie Wang and against Plaintiffs pursuant to Federal Rule of Civil Procedure 58(b)(2)(A).[1]  As a part of the judgment, Plaintiffs seek an

---

[1] *See* Memorandum of Law in Support of Motion for Entry of Judgment and Attorney Fees, Dkt. 152 ("Motion" or "Mot."); Declaration of Aaron B. Schweitzer in Support of Motion for Entry of Judgment and Attorney Fees, Dkt. 151

award of attorney fees and costs pursuant to Federal Rule of Civil Procedure 54.  For the following reasons, Plaintiffs' Motion is granted in part and denied in part.

## BACKGROUND

### A.  Consolidated Actions

On November 6, 2020, Sarah Wang and Zhanwen Chi commenced this action against Kirin, Frank Chen, Nancy Song, and Qiu Xiang Shi.  *See generally* Compl.  On June 8, 2021, Tiande Wang, Lu Yang, and Ya Xu commenced an action against Kirin, Frank Chen, Nancy Song, and Qiuxiang Shi.  *See Wang v. Kirin Transportation Inc.*, 21-cv-03254, Complaint, Dkt. 1.  On December 30, 2021, Sarah Wang, Tiande Wang, Lu Yang, Ya Xu, and Zhanwen Chi commenced an action against Hebei, Yingjie Li, and Maggie Wang.[2]  *See Wang v. Hebei Tiankai Foundation Engineering Technical Co., Ltd*, 21-CV-07194, Complaint, Dkt. 1.

On January 7, 2022, the Court granted Plaintiffs' conditional certification as a collective action under the FLSA, subject to restrictions.  *See generally* Memorandum and Order, Dkt. 47.  Thereafter, Jian Min Xu, Yuanfu Gao, and Jin Cheng Miao, joined as Plaintiffs.  *See generally* Consent to Become Party Plaintiff, Dkt. 65; Consent to Become Party Plaintiff, Dkt. 67; Consent to Become Party Plaintiff, Dkt. 69.  On February 20, 2025, the parties agreed to consolidate the three actions before trial and the Court ordered the consolidation.  *See* Minute Entry, dated Feb. 20, 2025; Order, dated Feb. 20, 2025.

Summarily, under the consolidated actions, Plaintiffs brought the following claims.  Zhanwen Chi, Tiande Wang, Ya Xu, Lu Yang, Jian Min Xi, Yuanfu Gao, and Jin Cheng Miao allege that Defendants failed to pay them the federal minimum wage.  Sarah Wang, Zhanwen Chi,

---

("Schweitzer Decl."); Memo of Law in Support of Opposition for Motion for Entry of Judgment and Attorney Fees, Dkt. 154 ("Opposition" or "Opp'n"); Reply Memorandum of Law in Support of motion for Entry of Judgment and Attorney Fees, Dkt. 156 ("Reply").

[2] Plaintiffs dismissed their claims against Yingjie Li a/k/a Ying Jie Lie at trial.

2

Tiande Wang, Ya Xu, and Lu Yang alleged that Defendants retaliated against them in violation of the FLSA and NYLL.  All Plaintiffs allege that Defendants failed to: pay them the New York State minimum wage; pay them overtime under the FLSA and NYLL; pay them an additional hour's pay at the minimum wage for the days when their spread-of-hours exceeded ten hours, as required under the NYLL; timely pay them their earned wages according to their pay arrangements; furnish them with notices of their wage rates at their times of hire as required by the NYLL; and furnish them with wage statements when Plaintiffs received their payments of wages as required by the NYLL.

### B.  Jury Trial and Verdict

The Court held a jury trial in this action from December 1, 2025, to December 15, 2025. On December 15, 2025, the jury returned a verdict largely in favor of Plaintiffs.  *See* Dkt. 148 to 148-7 ("Jury Verdict Sheets").  The jury found that the FLSA did not apply.  *See* Dkt. 148 ¶ 5; Dkt. 148-1 ¶ 5; Dkt. 148-2 ¶ 5; Dkt. 148-3 ¶ 5; Dkt. 148-4 ¶ 5; Dkt. 148-5 ¶ 5; Dkt. 148-6 ¶ 5; Dkt. 148-7 ¶ 5.  Thus, the jury only found Defendants liable for violations of and awarded damages under the NYLL.  *See generally* Jury Verdict Sheets.

Specifically, as to employment, the jury found that Kirin, Hebei, Frank Chen, Nancy Song, and Qiu Xian Shi were Plaintiffs' employers, but Maggie Wang was not.  *See* Dkt. 148 ¶ 1; Dkt. 148-1 ¶ 1; Dkt. 148-2 ¶ 1; Dkt. 148-3 ¶ 1; Dkt. 148-4 ¶ 1; Dkt. 148-5 ¶ 1; Dkt. 148-6 ¶ 1; Dkt. 148-7 ¶ 1.

As to minimum wage, the jury found that Zhanwen Chi, Ya Xu, Jian Min Xu, and Yuanfu Gao were paid below New York State minimum wage during their respective employments and awarded them unpaid minimum wages in the following amounts, respectively: $900.00; $8,009.28; $20,472.00; and $7,150.00.  *See* Dkt. 148-1 ¶¶ 10(g)-(h); Dkt. 148-3 ¶¶ 10(g)-(j); Dkt. 148-5

¶¶ 10(a)-(h); Dkt. 148-6 ¶ 10(a)-(d).  The jury found that Plaintiffs Sarah Wang, Tiande Wang, Lu Yang, and Jin Cheng Miao were paid at least minimum wage throughout their respective employments.  *See* Dkt. 148 ¶ 10; Dkt. 148-2 ¶ 10; Dkt. 148-4 ¶ 10; Dkt. 148-7 ¶ 10.

As to overtime, the jury found that Plaintiffs were each paid their regular hourly rates for all their overtime hours and were not paid an additional one-half times the greater of the minimum wage and their regular rates as required under NYLL.  *See* Dkt. 148 ¶¶ 6-8; Dkt. 148-1 ¶¶ 6-8; Dkt. 148-2 ¶¶ 6-8; Dkt. 148-3 ¶¶ 6-8; Dkt. 148-4 ¶¶ 6-8; Dkt. 148-5 ¶¶ 6-8; Dkt. 148-6 ¶¶ 6-8; Dkt. 148-7 ¶¶ 6-8.  The jury found that Sarah Wang was paid a regular hourly wage in the first instance, without an additional one-half times the greater of the minimum wage and her regular rate for her overtime hours.  *See* Dkt. 148 ¶ 4.  For the other Plaintiffs, the jury found that they were not paid by the hour and calculated their regular rates by dividing their regular weekly earnings by their regular hours per week.  *See* Dkt. 148-1 ¶ 4; Dkt. 148-2 ¶ 4; Dkt. 148-3 ¶ 4; Dkt. 148-4 ¶ 4; Dkt. 148-5 ¶ 4; Dkt. 148-6 ¶ 4; Dkt. 148-7 ¶ 4.

As to the spread of hours, the jury found that the Plaintiffs did not regularly work a spread of hours greater than 10 hours and declined to award unpaid spread-of-hours damages to any Plaintiff.  *See* Dkt. 148 ¶ 11; Dkt. 148-1 ¶ 11; Dkt. 148-2 ¶ 11; Dkt. 148-3 ¶ 11; Dkt. 148-4¶ 11; Dkt. 148-5 ¶ 11; Dkt. 148-6 ¶ 11; Dkt. 148-7 ¶ 11.

The jury found the Defendants did not act willfully in underpaying Plaintiffs their wages, which precludes liquidated damages.  *See* Dkt. 148 ¶¶ 28-32; Dkt. 148-1 ¶¶ 29-33; Dkt. 148-2 ¶¶ 29-33; Dkt. 148-3 ¶¶ 29-33; Dkt. 148-4 ¶¶ 29-33; Dkt. 148-5 ¶¶ 14-17; Dkt. 148-6 ¶¶ 14-17; Dkt. 148-7 ¶¶ 14-17.

As to the wage notice claims, the jury found that Defendants had not furnished Plaintiffs with wage notices and wage statements, but that Defendants proved various affirmative defenses

4

to non-furnishing of wage notices. Therefore, the jury awarded damages only on Plaintiffs' wage statement claims. *See* Dkt 148 ¶ 12-13; Dkt. 148-1 ¶ 12-13; Dkt. 148-2 ¶ 12-13; Dkt. 148-3 ¶ 12-13; Dkt. 148-4 ¶ 12-13; Dkt. 148-5 ¶ 12-13; Dkt. 148-6 ¶ 12-13; Dkt. 148-7 ¶ 12-13.

Finally, as to retaliation, the jury found that Zhanwen Chi was not retaliated against; but that Sarah Wang and Tiande Wang were retaliated against by Kirin and Nancy Song; and that Ya Xu and Lu Yang were retaliated against by Kirin, Nancy Song, and Hebei. *See* Dkt. 148 ¶¶ 14-27; Dkt. 148-1 ¶¶ 14-28; Dkt. 148-2 ¶¶ 14-22; Dkt. 148-3 ¶¶ 14-28; Dkt. 148-4 ¶¶ 14-28. The jury declined to award any damages to Sarah Wang, Tiande Wang, and Lu Yang for failure to mitigate damages, or because their damages were mitigated in their entirety—but awarded Ya Xu $24,400.00 in post-mitigation damages for his retaliation claim. *See* Dkt. 148 ¶¶ 14-27; Dkt. 148-1 ¶¶ 14-28; Dkt. 148-2 ¶¶ 14-22; Dkt. 148-3 ¶¶ 14-28; Dkt. 148-4 ¶¶ 14-28.

## DISCUSSION

### A. Attorney's Fees and Costs

The NYLL provides an award of reasonable attorney's fees and costs to a prevailing plaintiff. N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees . . . ."); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Plaintiffs are "the prevailing party for the purposes of the . . . NYLL 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The burden is on the party moving for attorney's fees to justify the hourly rate sought." *Ehrlich v. Royal Oak Fin. Servs., Inc.*, CV-12-3551 (BMC), 2012 WL 5438942, at *3 (E.D.N.Y. Nov. 7,

5

2012); *see also Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 94 (E.D.N.Y. 2012) ("District courts have broad discretion, using 'their experience with the case, as well as their experience with the practice of law, to assess the reasonableness' of each component of a fee award." quoting *Fox Indus., Inc. v. Gurovich*, CV 03-5166 TCP WDW, 2005 WL 2305002, at *2 (E.D.N.Y. Sep. 21, 2005)).  The Second Circuit has instructed district courts considering awards of attorney's fees:

> [T]he better course—and the one most consistent with attorney's fees jurisprudence—is for the district court, in exercising its considerable discretion, to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.  The reasonable hourly rate is the rate a paying client would be willing to pay.  In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.  The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case.  The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (internal citations and emphasis omitted).

"The resulting product of a reasonable rate and reasonable number of hours is the 'lodestar' figure against which Plaintiff's requested amount is judged." *Ji Guo Chen v. Glow Asian Foods, Inc.*, 19-CV-630 (ST), 2023 U.S. Dist. LEXIS 173207, at *3 (E.D.N.Y. Sep. 27, 2023) (citation omitted).

Plaintiffs assert that they are entitled to $182,831.83 in attorney's fees and $5,259.45 for costs.  Schweitzer Decl. ¶¶ 78-79 (citing to Schweitzer Decl., Exhibit 16 as proof of costs, which receipt totals amount to $5,259.45).  Defendants oppose Plaintiffs' arguments, stating first that Plaintiffs "failed to separate or apportion the time attributable to each individual case" and Plaintiff, and second that the application should be because Plaintiffs' claims fail as a matter of law.  Opp'n at 25-26.  Defendants also argue that, should attorney's fees and costs be granted, the

Court should substantially reduce the amount of attorney's fees granted. *Id.* at 26-27. The Court considers the reasonableness of each component of Plaintiffs' fee request in turn.

### 1. Reasonable Hourly Rate

Plaintiffs suggest that their hourly attorney's fees should be calculated at the following rates: $650 for Managing Attorney John Troy ("Mr. Troy"), Schweitzer Decl. ¶¶ 34, 78; $400 for Managing Associate Aaron Schweitzer ("Schweitzer") with a reduced rate to $200 for less than associate level work and travel, *id.* at ¶¶ 48,78; $250 for Associate Eric Chen ("Chen") with a reduced rate to $150 for less than associate level work, *id.* at ¶¶ 53, 78; $250 for Tiffany Troy ("Ms. Troy") with a reduced rate of $150 for less than associate level work, *id.* ¶¶ 66, 78; $150 for Litigation Clerk Frances Sayson ("Sayson"), *id.* at ¶¶ 71, 78; $200 for Managing Clerk Preethi Kilaru ("Kilaru"), *id.* at ¶¶ 74, 77; $150 for Clerk Gavin Dass ("Dass"), *id.* at ¶¶ 77, 78.

Since the reasonable hourly rate should be what a reasonable, paying client would be willing to pay to litigate the case effectively, *see Arbor Hill*, 522 F.3d at 190, the Second Circuit follows the "forum rule" to calculate a reasonable hourly fee, *see Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011). The forum rule advises courts to "use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." *Arbor Hill*, 522 F.3d at 192 (quoting *In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987)); *see also Bergerson*, 652 F.3d at 290. The Second Circuit has stated that fee awards must take into account the current market rate in the district. *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232-33 (2d Cir. 2006).

"In FLSA matters, '[c]ourts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff.'" *Shen v. ZenTao Inc.*, 19 CV 7269 (AMD)

(LB), 2025 WL 746478, at *3 (E.D.N.Y. Feb. 18, 2025) (quoting *Diaz v. Rene French Cleaners, Inc.*, 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022), *report & recommendation adopted,* 20-CV-3848 (RRM) (RER), 2022 WL 4662247 (E.D.N.Y. Sep. 30, 2022)), *report & recommendation adopted*, 19-CV-7269 (AMD) (LB), 2025 WL 746063 (E.D.N.Y. Mar. 7, 2025). *But see Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025) (explaining that attorney's fees should increase in cost with inflation and adjusting Eastern District of New York rates for inflation in a fair credit reporting act case). Plaintiffs recommend the Court apply the hourly rates for attorney's fees in *Rubin*, Mot. at 8, which were increased to account for inflation, 763 F.Supp.3d at 243-44. The Court declines to do so and aligns itself with the court in *Shen*, which declined to award Troy Law Firm the hourly rates of *Rubin* because they "far exceed the reasonable rate for attorney's fee awards in this district's wage and hour cases." *Shen*, 2025 WL 746478, at *4. As a number of courts in this Circuit have recognized, "[a] treatise worth of case law has emerged about the rates and hours that Troy Law has requested . . . [a]nd courts have balked at the sort of rates requested in this case." *Id.* at *5 (quoting *Garcia v. Francis Gen. Constr. Inc.*, 20 Civ. 4323 (JPC), 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022) and collecting cases); *see also Cui v. D Prime Inc.*, 20-CV-03667 (OEM) (MMH), 2024 WL 3567008, at *4 n.7 (E.D.N.Y. July 29, 2024).

John Troy is the principal attorney and sole partner of Troy Law. Schweitzer Decl. ¶ 22. He is a 1985 LLM graduate of Dickinson School of Law and was admitted to the New York State Bar in 1989. *Id.* ¶¶ 23-24  Mr. Troy has been the attorney of record for 224 matters in the U.S. District Court for the Eastern District of New York, 227 matters in the U.S. District Court for the Southern District of New York, 393 matters in the Supreme Court of the State of New York, and at least 40 matters in other U.S. District Courts. *Id.* ¶ 29. Mr. Troy did not try this case before the

8

Court, but he billed no more than 23 hours total and appears to have participated only in strategy and occasional conferences with the clients. The Court finds that $400 is a reasonable rate for the services Mr. Troy has performed here. *See, e.g.*, *Feng v. Kelai Corp.*, 727 F. Supp. 3d 423, 458 (S.D.N.Y. 2024) (finding $425 per hour rate for Mr. Troy reasonable because he met with the clients, drafted pleadings, motions, and communicated with counsel, but did not try the case or appear before the court); *Shen*, 2025 WL 746478, at *5 (finding $400 per hour rate for Mr. Troy reasonable).

Schweitzer is the managing associate of Troy Law. Schweitzer Decl. ¶ 36. He received his J.D. from Fordham University School of Law in 2016 and was admitted to the New York bar in 2018. *Id.* ¶¶ 37-38. He has litigated 138 cases in the U.S. District Court for the Eastern District of New York, 132 cases in the U.S. District Court for the Southern District of New York, and "numerous other cases" in other U.S. District Courts. *Id.* ¶ 42. Schweitzer has conducted the bulk of the legal work in this case, and he appeared before the Court and tried the entire case himself. However, the Court is not persuaded by Plaintiffs' arguments for the hourly rates they request which exceed the reasonable rate for attorney's fee awards in this district's wage and hour cases. Accordingly, the Court finds that a reasonable hourly rate for Schweitzer's services in this case is $250 and half of that rate for his travel time and clerical tasks. *See Shen*, 2025 WL 746478, at *5 (finding $250 per hour for Schweitzer reasonable).

Chen was an associate at Troy Law. Schweitzer Decl. ¶ 49. He received his J.D. from the University of Cincinnati College of Law. *Id.* ¶ 50. He was admitted to the New York bar in 2020. *Id.* ¶ 52. Ms. Troy is also an associate at Troy Law. *See* Schweitzer Decl. ¶ 66. She received her J.D. from Fordham University School of Law. *Id.* ¶ 54. She was admitted to the New York bar in 2021. *Id.* ¶ 55. She is the attorney of record in 67 cases in the U.S. District Court for the Eastern

9

District of New York, 43 cases in the U.S. District Court for the Southern District of New York, and several other cases in other U.S. District Courts and state courts. *Id.* ¶ 57. Here, both Chen and Ms. Troy bill for conferences, research, and drafting of various affidavits, briefs, and motions, as well as preparation for depositions. Courts have previously approved rates for Ms. Troy between $100 and $200 per hour. *Compare Garcia*, 2022 WL 2698434, at *7 (awarding $200 per hour for Ms. Troy), *with Cui*, 2024 WL 3567008, at *4 (E.D.N.Y. July 29, 2024) (awarding $150 per hour for Ms. Troy). Finding that the work of Ms. Troy and Chen are consistent with each other and similar to the work performed in *Garcia* and *Cui*, the Court determines that $150 per hour and half of that rate for travel time and clerical work is reasonable for Ms. Troy and Chen's work here.

Plaintiffs also request fees for the work by Kilaru, Sayson, and Dass. Kilaru is the managing clerk at Troy Law. Schweitzer Decl. ¶ 72. Dass is a clerk at Troy Law. *Id.* ¶ 75. Sayson is a litigation clerk, having earned her J.D. from Ateneo de Manila University School of Law and passed the Uniform Bar Exam in 2025. *Id.* ¶¶ 67, 69. This is the first fee application made for Sayson. Though Plaintiffs request $150 for Sayson, she contributed no more than 4.51 hours to this matter and only participated through communications to third parties for transcripts and FOIA requests, apart from a one-off instance of 0.62 hours spent on "assist[ing] with case law search." Schweitzer Decl., Ex. 13, at 14-16 Dkt. 151-13 ("Billing Invoice"). The Court finds no reason to depart from other courts' findings that $100 per hour is reasonable for Kilaru's work and $75 per hour is reasonable for Dass's work. *See Shen* 2025 WL 746478, at *5; *Juarez v. 156-40 Grill LLC*, 15-CV-5081 (CBA) (LGD), 2024 WL 4834313, at *5 (E.D.N.Y. Nov. 20, 2024) (reducing hourly rate for Dass and Kilaru to $75 per hour). Given the limited nature of Sayson's contributions in this matter, the Court similarly finds that a rate of $75 per hour for her work here is reasonable.

10

Accordingly, the Court deems the following hourly billing rates are reasonable and in line with those typically approved for litigators, including Troy Law, in wage-and-hour cases: $400 per hour for Mr. Troy; $250 per hour for Schweitzer; $150 per hour for Chen; $150 per hour for Ms. Troy; $100 per hour for Kilaru; $75 per hour for Dass; and $75 per hour for Sayson.

### 2.  Reasonable Number of Hours

Plaintiffs seek compensation for a total of 688.12 hours of work in litigating this matter. Schweitzer Decl. ¶ 78.  They represent that the amount of time "reflects the protracted procedural history of this case, the multiplicity [of] Plaintiffs and Defendants, and the fact that Plaintiffs are not fluent English speakers and required Chinese interpretation."  Mot. at 6.  Defendants only challenge the Motion insofar as they argue Plaintiffs were not wholly successful, thus warranting a significant, across-the-board reduction.  Opp'n at 26-27.

To determine the reasonableness of the number of hours billed by Plaintiffs' counsel, the Court must "'examine[] the particular hours expended by counsel with a view to the value of the work product and the specific expenditures of the client's case' and if it 'concludes that any expenditure of time was unreasonable, it should exclude these hours' from the fee calculation." *Hines v. City of Albany*, 613 F. App'x 52, 54 (2d Cir. 2015) (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)).  In determining the reasonable number of hours of work for a fee award, "courts are . . . expected to take into account their own familiarity and experience both 'generally' and with the particular case at hand. . . ."  *Melo v. Milagro Grocery Corp.*, 750 F. Supp. 3d 38, 62 (E.D.N.Y. 2024) (quoting *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, 07-CV-319 (ARR) (VVP), 2010 WL 2539771, at *7 (E.D.N.Y. Mar. 15, 2010)).  "[T]he district court should exclude excessive, redundant or otherwise unnecessary hours . . . ."  *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley*, 461 U.S. at 433-35).  "[D]istrict

courts have the legal authority and discretion to . . . apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work) . . . ." *Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019); *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (explaining "the district court is not obligated to undertake a line-by-line review" of a fee application and "may, instead, 'exercise its discretion and use a percentage deduction as a practical means of trimming fat.'" (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006))); *see also*, *e.g.*, *Shen*, 2025 WL 746478, at *7 (imposing a blanket fee reduction of 30% on Troy Law in an FLSA–NYLL case); *Cui*, 2024 WL 3567008, at *10 (imposing a blanket fee reduction of 30% on Troy Law in an FLSA/NYLL case). Here, the Court considers, in turn, the complexity of the case, billing practices, clerical and ministerial tasks and delegation of work, and counsel's success.

### a. Complexity

"[C]ase-specific factors like the novelty or complexity of the matter are appropriately considered in determining the reasonable hourly rate or hours billed." *Lilly*, 934 F.3d at 232. The Court is unpersuaded by Plaintiffs' attempt to categorize the instant matter as anything more than an ordinary FLSA/NYLL wage and hour action. *See, e.g.*, *Cui*, 2024 WL 3567008, at *4 ("Although this case involved a jury trial, this Court agrees that there is nothing about this FLSA case that was particularly complex. This case did not involve novel nor complex issues of law, the facts of this case were not difficult to parse, nor were there a multitude of parties involved."); *Zang v. Daxi Sichuan, Inc.*, 18-CV-06910 (DG) (SJB), 2023 WL 2305934, at *4 (E.D.N.Y. Mar. 1, 2023) ("Here, there is nothing about this FLSA case that was particularly complex. It did not involve novel issues of law, complicated facts, or a multitude of parties."); *Shen*, 2025 WL 74678, at *4.

12

Similarly, the "protracted nature" of the case is unconvincing as a basis for the number of hours billed. The length of time the case has been pending does not reflect its complexity. *See Shen*, 2025 WL 746478, at *4 n.9.

### b. Billing Practices

Several of counsel's billing entries are vague, duplicative, or excessive, warranting a reduction in the number of hours billed. *See generally* Billing Invoice. A court may exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary hours." *Quaratino* 166 F.3d at 425; *see also Luciano*, 109 F.3d at 116 ("If the district court concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation."). Additionally, "vague entries hamper the Court's ability 'to determine the reasonableness of the time spent on particular tasks and warrant[s] a reduction in attorney's fees.'" *Cui*, 2024 WL 3567008, at *8 (quoting *Caban v. Emp. Sec. Fund of the Elec. Prods. Indus. Pension Plan*, 10-CV-389 (SMG), 2015 WL 7454601, at *7 (E.D.N.Y. Nov. 23, 2015)).

Samples of Plaintiff's vague entries include Dass billing 0.5 hours to "Help out with Conference." Billing Invoice at 8. They also include Ms. Troy billing 1.07 hours to "review case," 0.38 hours to "review case cont'd (recheck sent email)," and 0.48 hours to "review case facts (email, binder, dropbox)." *Id.* at 9-10. Not to mention, these entries raise the Court's eyebrow as to whether Ms. Troy's hours constituted clerical tasks or were duplicative; the inability to resolve that mystery is the very reason vague entries are frowned upon. Courts have imposed reductions up to 40% for vague entries. *See Anderson v. County of Suffolk*, CV 09-1913 (GRB), 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016).

The billing records also reflect duplicate billing and overlapping efforts among counsel. For example, Ms. Troy and Schweitzer both bill 3.50 hours and 3.25 hours, respectively, for "depo

prep Miao, Xu, Gao." Billing Invoice at 10. Mr. Troy and Ms. Troy both billed 0.67 hours for "Confer Client Wang, Qian." *Id.* at 3. Ms. Troy billed 0.72, 0.37, and 0.25, respectively, for "deposition scheduling with clients," "deposition scheduling with OC," and "call clients with JC to finalize depo dates." *Id.* at 10. She also duplicates "draft close certify discovery" for 0.33 and 0.25 hours. *Id.* at 9-10. Ms. Troy also billed 1.40 hours for "Draft Damages Calculation Chart, Plf Yang, Lu" twice. *Id.* at 3. Courts addressing fee applications submitted by Troy Law have encountered similar issues with overbilling and duplicative billing, resulting in reduced hours. *See, e.g.*, *Shen*, 2025 WL 746478, at *5 (reducing hours by 30%); *Feng*, 727 F. Supp. 3d at 460-61 (S.D.N.Y. 2024) (deducting hours line-by-line); *Wang v. XBB, Inc.*, 18-CV-7341 (PKC) (ST), 2023 WL 2614143, at *7 (E.D.N.Y. Mar. 23, 2023) (reducing hours for excessive and repetitive billing by 40%).

### c. Clerical and Ministerial Tasks and Delegation of Work

Counsel's inappropriate delegation of work also fails to fit the bill. "[T]he Supreme Court has opined that 'purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.'" *Cui*, 2024 WL 3567008, at *8 (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). "[D]istrict courts have the legal authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work) . . . ." *Lilly*, 934 F.3d at 234. "[I]t is not appropriate, for purposes of gauging the reasonable fee award, to assign partner-level billing rates to tasks that first- or second-year associate[s] [or, here, a non-lawyer] could easily perform." *Cui*, 2024 WL 3567008, at *8 (quoting *Zhang v. Lin Kumo Japanese Rest. Inc.*, 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015)).

14

Troy Law is no stranger to this concept; it has faced hour reductions numerous times for its failure to delegate work. *See, e.g.*, *Cui*, 2024 WL 3567008, at *8; *Zang*, 2023 WL 2305934, at *6; *Shen*, 2025 WL 746478, at *6. Even so, the billing records here reflect clerical-work entries billing at associate or partner-level rates. For instance, Mr. Troy billed 0.25 hours to "Confer with Interpreter for Trial Prep" and 0.25 hours to "Remind Clients of Trial Prep." Billing Invoice at 14. Schweitzer billed 1.5 hours to "print & bind transcripts of Frank Chen depo . . ." and 1.33 hours to "print & bind transcripts of NLRB hearing (vols 7-10)" which are plainly clerical tasks. *Id.* at 16-17. Ms. Troy and Dass both billed various hours to input addresses and names into envelopes, prepare envelopes for mailing, and mail demands. *Id.* at 9.

### d.  Degree of Success

Defendants argue that Plaintiffs' claims are not so intertwined to justify their "single, undifferentiated fee request," which does not permit the Court to differentiate hours devoted to successful or unsuccessful claims. Opp'n at 26. Since Plaintiffs only prevailed on some but not all claims, at a minimum, Defendants suggest an across-the-board reduction of no less than 67.5% is warranted. *Id.* at 26-27.

When plaintiffs only partially succeed on their claims, courts shall consider whether the claims are so "intertwined,"—that is, they "involve a common core of facts or [are] based on related legal theories"—that most of "counsel's time will be devoted generally to the litigation as a whole." *Holick v. Cellular Sales of N.Y.*, 48 F.4th 101, 106 (2d Cir. 2022) (quoting *Hensley*, 461 U.S. at 434-35). Where claims are not severable, it is "difficult to divide the hours expended on a claim-by-claim basis," and so instead of determining "how much time counsel devoted to each such overlapping claim, [the court should] look to the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Zang*, 2023 WL

15

2305934, at *9 (quoting *Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022)).  Separately, with unrelated claims, the "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved."  *Holick*, 48 F.4th at 106 (quotations omitted).  "[U]nrelated claims were likely to be uncommon, and . . . most civil rights claims will involve a common core of facts, or be grounded in related legal theories, or both."  *Id.* at 108 (citing *Hensley*, 461 U.S. at 435).  Defendants urge the Court to find the latter instance applicable here, arguing that Plaintiffs' wage statement, overtime, minimum wage, and retaliation claims all "involve distinct factual and legal elements with limited overlap."  Opp'n at 27.  The Court disagrees, and *Holick* is instructive.  There, the Second Circuit found that the plaintiffs' FLSA and NYLL claims were intertwined because there was a common legal issue connecting the claims: "whether [p]laintiffs are employees or independent contractors[;]" "all of the legal theories involve[d] wage and hour claims brought under the FLSA and New York Labor Law[;]" and all of the plaintiffs' claims arose "from a common set of facts: the conditions of employment between [p]laintiffs and [the employer]."  *Holick*, 48 F.4th at 107.  Here, too, Plaintiffs' FLSA and NYLL claims arise out of a common core of facts concerning the conditions of their employment as van drivers and theories of employment status under the FLSA and NYLL.  The Court therefore declines Defendants' invitation to reduce Plaintiffs' compensable hours for a failure to differentiate hours by the success of each claim.

In consideration of the foregoing factors, the Court applies a 30% across-the-board reduction to Plaintiffs' requested hours.

### 3. Total Reasonable Fees

Based on the reasonable rates determined and 30% reduction in hours applied above,

Plaintiffs' reasonable attorney's fees are calculated as follows:

| Individual | Requested Rate | Reasonable Rate | Recorded Hours[3] | Reduction | Reasonable Hours | Adjusted Fees |
|---|---|---|---|---|---|---|
| John Troy | $650 | $400 | 47.28 | 30% | 33.1 | $13,240 |
| Aaron Schweitzer (full rate) | $400 | $250 | 217.16 | 30% | 152.01 | $38,002.50 |
| Aaron Schweitzer (half rate) | $200 | $125 | 55.83 | 30% | 39.08 | $4,885 |
| Eric Chen | $250 | $150 | 81.23 | 30% | 56.86 | $8,529 |
| Eric Chen (half rate) | $150 | $75 | 5.45 | 30% | 3.82 | $286.50 |
| Tiffany Troy (full rate) | $250 | $150 | 48.17 | 30% | 33.72 | $5,058 |
| Tiffany Troy (half rate) | $150 | $75 | 44.76 | 30% | 31.33 | $2,349.75 |
| Preethi Kilaru | $200 | $100 | 14.1 | 30% | 9.87 | $987 |
| Gavin Dass | $150 | $75 | 71.28 | 30% | 49.9 | $3,742.50 |
| Frances Sayson | $150 | $75 | 4.51 | 30% | 3.16 | $237 |
| **Total** | | | | | **412.85** | **$77,317.25** |

Accordingly, Plaintiffs are awarded $77,317.25 in attorney's fees.

### 4. Costs

"An award of costs 'normally include[s] those reasonable out-of-pocket expenses incurred

by the attorney and which are normally charged fee-paying clients.'" *Fisher*, 948 F.3d at 600

(quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)).

"The fee applicant must submit adequate documentation supporting the requested attorney's fees

---

[3] All recorded hours are taken from Paragraph 78 of the Schweitzer Declaration.

17

and costs." *Id.* Plaintiffs submit receipts totaling $5,259.45 for court transcripts and interpreter services. *See generally* Schweitzer Decl., Ex. 16, Dkt. 151-16 ("Cost Receipts"). Defendants do not contest the adequacy of documentation. Finding that Plaintiffs have submitted adequate documentation, Plaintiffs are entitled to $5,259.45 in costs.

### B. Judgment

In line with the jury's verdict, Plaintiffs request that they be awarded unpaid overtime and minimum wages, including prejudgment interest thereon, damages for failure to furnish wage statements, and lost wages due to retaliation. Mot. at 3-5. Defendants do not oppose this request. *See generally* Opp'n. The judgment amounts for which Defendants are jointly and severally liable to each Plaintiff and prejudgment interest are addressed below and summarized in Table 1 and Table 2, respectively.

### 1. Joint and Several Liability

Plaintiffs argue that Defendants are subject to joint and several liability, based upon the duration of each Plaintiff's employment with each Defendant. Reply at 6. Defendants, as employers of Plaintiffs, are jointly and severally liable to Plaintiffs for damages. See *Feng v. Kelai Corp.*, 727 F. Supp. 3d 423, 440 (S.D.N.Y. 2024) (reciting that under the NYLL, an individual may simultaneously have multiple employers such that "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA]" and the same is true under the NYLL) (quoting *Martin v. Sprint United Management Co.*, 273 F. Supp. 3d 404, 421 (S.D.N.Y. 2017) and citing *Pineda v. Masonry Construction, Inc.*, 831 F. Supp. 2d 666, 686 (S.D.N.Y. 2011)). But, if different employers employed employees for different time periods, each employer is only jointly and severally liable for the damages accrued during the period it employed the employees. *Cf. Sun v. Sushi Fussion Express, Inc.*, 16 CV 4840 (RPK)(LB),

18

2022 WL 2466858, at *7-8 (E.D.N.Y. Mar. 8, 2022) (finding that the two employers did not constitute a single enterprise and were thus only subject to joint and several liability for FLSA and NYLL violations during the time periods of plaintiff's employment at each of the two employers).

Here, Plaintiffs were employed by various Defendants and for various time periods, as set forth by Plaintiffs in their motion papers, *see* Dkt. 156-1 at 1-8 ("Damage Calculations"), based on the jury's verdict, which determined which Defendants employed Plaintiffs, and for what time periods, *see* Jury Verdict Sheets. Thus, Defendants are jointly and severally liable for each of the NYLL claims based on the time periods that they actually employed each Plaintiff.

### a. Application

Accordingly, Judgment shall be entered against Defendants in accordance with the amounts set forth in Table 1:

| Table 1 | | Joint and Several Liability of Defendants | | | | |
|---|---|---|---|---|---|---|
| | Total Judgment | Kirin | Hebei | Frank Chen | Nancy Song | Qiu Xiang Shi |
| Sarah Wang | $8,044.79 | $8,044.79 ($3,044.79 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | $7,156.79 ($2,156.79 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | $6,792.07 ($1,792.07 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | $0.00 | $7,156.79 ($2,156.79 in unpaid overtime wages + $5,0000 in penalties for nonfurnished wage statements) |
| Zhanwen Chi | $14,135.79 | $14,135.79 ($9,135.79 in unpaid minimum and overtime wages + $5,000 in penalties for nonfurnished wage statements) | $10,736.07 ($5,736.07 in unpaid minimum and overtime wages + $5,000 in penalties for nonfurnished wage statements) | $14,135.79 ($9,135.79 in unpaid minimum wages and overtime wages + $5,000 in penalties for nonfurnished wage statements | $0.00 | $10,736.07 ($5,736.07 in unpaid minimum wages and overtime wages + %,000 in penalties for nonfurnished wage statements) |
| Tiande Wang | $9,184.52 | $8,279.76 ($3,279.76 in unpaid overtime wages + $5,000 in penalties for | $6,821.43 ($1,821.43 in unpaid overtime wages + $5,000 in penalties for | $7,363.10 ($2,363.10 in unpaid overtime wages + $5,000 in penalties for | $0.00 | $6,821.43 ($1,821.43 + $5,000 in penalties for nonfurnished wage statements) |

| | | nonfurnished wage statements) | nonfurnished wage statements) | nonfurnished wage statements) | | |
|---|---|---|---|---|---|---|
| Ya Xu | **$62,608.45** (prejudgment interest only to be calculated on $38,208.45) | **$38,208.45** ($8,009.28 in unpaid minimum wages + $25,199.17 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | **$30,301.04** ($8,009.28 in unpaid minimum wages + $17,291.76 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | **$19,994.13** ($348.96 in unpaid minimum wages + $14,645.17 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | **$24,400.00** for retaliation | **$30,301.04** ($8,009.28 in unpaid minimum wages + $17,291.76 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) |
| Lu Yang | **$56,458.33** | **$56,458.33** ($51,458.33 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | **$33,865.74** ($28,865.74 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | **$39,537.04** ($34,537.04 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | **$0.00** | **$33,865.74** ($28,865.74 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) |
| Jian Min Xi | **$50,080.00** | **$50,080.00** ($20,472.00 in unpaid minimum wages + $24,608.00 in unpaid overtime + $5,000 in penalties for nonfurnished wage statements) | **$0.00** | **$49,020.26** ($19,878.55 in unpaid minimum wages + $24,141.71 in unpaid overtime + $5,000 in penalties for nonfurnished wage statements) | **$0.00** | **$30,301.04** ($8,009.28 in unpaid minimum wages + $17,291.76 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) |
| Yuanfu Gao | **$29,597.86** | **$29,597.86** ($12,050.00 in unpaid minimum wages + $12,547.86 in unpaid overtime + $5,000 in penalties for nonfurnished wage statements) | **$0.00** | **$21,605.47** ($5,234.04 in unpaid minimum wages + $11,371.43 in unpaid overtime + $5,000 in penalties for nonfurnished wage statements) | **$0.00** | **$18,944.29** ($11,900 in unpaid minimum wages + $2,044.29 in unpaid overtime + $5,000 in penalties for nonfurnished wage statements) |
| Jin Cheng Miao | **$5,968.25** | **$5,968.25** ($968.25 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | **$0.00** | **$5,968.25** ($968.25 in unpaid overtime wages + $5,000 in penalties for nonfurnished wage statements) | **$0.00** | **$0.00** |

### 2. Prejudgment Interest

Plaintiffs argue that they are entitled to prejudgment interest for their unpaid wages claims pursuant to the NYLL. Mot. at 5. Plaintiffs assert that prejudgment interest on their unpaid wages is calculated from the midpoint of their employment through the date of the jury's verdict, and

20

Defendants are jointly and severally liable for the entire sum of interest.  Mot. at 5.  It is within the Court's discretion to determine the reasonable date from which prejudgment interest should accrue. *Feng*, 727 F. Supp. 3d at 456 (quoting *Villanueva v. 179 Third Ave. Rest. Inc.*, 500 F. Supp. 3d 219, 243 (S.D.N.Y. 2020)).  As it has done previously, the Court aligns itself with those courts that calculate prejudgment interest on Plaintiffs' NYLL claims from the midpoint date of the claims through the date judgment is entered, rather than the date of the jury's verdict.  *See Lei v. A & C Seafood Int'l Grp.*, 1:21-cv-03471-OEM-SJB, 2023 WL 8828839, at *2 (E.D.N.Y. Dec. 21, 2023); *Perez Campos v. Quentin Mkt. Corp.*, 16-CV-05303, 2018 WL 9945754, at *8 (E.D.N.Y. Oct. 17, 2018) ("Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered."); *Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 386 (E.D.N.Y. 2013).  Accordingly, the Court relies on Plaintiffs' midpoint dates as calculated based on the jury verdict sheets, *see generally* Jury Verdict Sheets, and set forth in Plaintiffs' Reply, *see* Damage Calculations.

### a.  Application

Each of the foregoing Plaintiffs shall be awarded pre-judgment interest on their unpaid wage damages at the statutory interest rate of 9% per annum from each of the foregoing midpoint dates until the date of judgment as set forth below in Table 2.

| Table 2 | | | | |
|---|---|---|---|---|
| **Plaintiff** | **Defendant** | **Employment Start Date** | **Employment End Date** | **Midpoint Date** |
| Qian Wang | Kirin | June 1, 2016 | December 2, 2020 | September 2, 2018 |
| | Hebei | November 1, 2017 | December 2, 2020 | May 19, 2019 |
| | Frank Chen | June 1, 2016 | March 31, 2019 | October 31, 2017 |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Qiuxiang Shi | November 1, 2017 | December 2, 2020 | May 19, 2019 |
| Zhanwen Chi | Kirin | November 1, 2016 | March 31, 2019 | January 15, 2018 |
|  | Hebei | November 1, 2017 | March 31, 2019 | July 17, 2018 |
|  | Frank Chen | November 1, 2016 | March 31, 2019 | January 15, 2018 |
|  | Qiuxiang Shi | November 1, 2017 | March 31, 2019 | July 17, 2018 |
| Tiande Wang | Kirin | June 1, 2016 | January 31, 2017 | September 2, 2018[4] |
|  | Kirin | April 1, 2019 | December 3, 2020 |  |
|  | Hebei | April 1, 2019 | December 3, 2020 | February 1, 2020 |
|  | Frank Chen | January 1, 2016 | January 31, 2017 | July 17, 2016 |
|  | Qiuxiang Shi | April 1, 2019 | December 3, 2020 | February 1, 2020 |
| Ya Xu | Kirin | March 1, 2016 | March 31, 2021 | September 15, 2018 |
|  | Hebei | November 1, 2017 | March 31, 2021 | July 17, 2019 |
|  | Frank Chen | March 1, 2016 | March 31, 2019 | September 15, 2017 |
|  | Qiuxiang Shi | November 1, 2017 | March 31, 2021 | July 17, 2019 |
| Lu Yang | Kirin | March 1, 2015 | March 31, 2021 | March 16, 2018 |
|  | Hebei | November 1, 2017 | March 31, 2019 | March 16, 2017 |

---

[4] The jury determined that Tiande Wang left Kirin on February 1, 2017, and returned on April 1, 2019. *See* Dkt. 148-2 ¶ 2. Plaintiffs represent that the midpoint date for his entire period of employment with Kirin is October 6, 2018. *See* Damage Calculations at 3.

|  | Frank Chen | March 1, 2015 | March 31, 2019 | March 16, 2017 |
|---|---|---|---|---|
|  | Qiuxiang Shi | November 1, 2017 | March 31, 2021 | July 17, 2019 |
| Jian Min Xi | Kirin | April 25, 2015 | April 30, 2018 | October 27, 2016 |
|  | Frank Chen | April 25, 2025 | April 13, 2018 | October 18, 2016 |
|  | Qiuxiang Shi | November 1, 2017 | April 30, 2018 | January 30, 2018 |
| Yuanfu Gao | Kirin | January 1, 2015 | March 31, 2015 | April 16, 2017[5] |
|  | Kirin | January 1, 2019 | July 31, 2019 |  |
|  | Frank Chen | January 1, 2015 | March 31, 2015 | February 14, 2017[6] |
|  | Frank Chen | January 1, 2019 | March 31, 2019 |  |
|  | Qiuxiang Shi | January 1, 2019 | July 31, 2019 | April 17, 2019 |
| Jin Cheng Miao | Kirin | January 1, 2016 | August 31, 2016 | May 2, 2016 |
|  | Frank Chen | January 1, 2016 | August 31, 2016 | May 2, 2016 |

## C. Judgment as a Matter of Law

Defendants inexplicably spend 25 pages of their 27-page Memorandum of Law in Support

of Opposition Motion for Entry of Judgment and Attorney Fees arguing why the claims Plaintiffs

---

[5] The jury determined that Yuanfu Gao left Kirin on April 1, 2015, and returned on January 1, 2019. *See* Dkt. 148-6 ¶ 2. Plaintiffs represent that the midpoint date for his entire period of employment with Kirin is April 16, 2017. *See* Damage Calculations at 7.

[6] The jury determined that Yuanfu Gao stopped working for Frank Chen on April 1, 2015, and returned on January 1, 2019. *See* Dkt. 148-6 ¶ 2. Plaintiffs represent that the midpoint date for his entire period of employment with Frank Chen is February 14, 2017. *See* Damage Calculations at 7.

succeeded on should be denied as a matter of law. *See generally* Opp'n at 1-25. Defendants failed to move for a directed verdict before the case was submitted to the jury; consequently, Defendants waived their arguments for judgment as matter of law. *See* FED. R. CIV. P. 50(a)(2) ("A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."); *McCardle v. Haddad*, 131 F.3d 43, 51 (2d Cir. 1997) ("In sum, a posttrial motion for JMOL can properly be made only if, and to the extent that, such a motion specifying the same grounds was made prior to the submission of the case to the jury."); *Luna v. Am. Airlines, Inc.*, 578 F. App'x 58, 59 (2d Cir. 2014) (noting that the appellant waived one of her arguments on appeal by failing to timely move for judgment as a matter of law at trial); *see also Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998). To the extent that Defendants have moved for judgment as a matter of law, it is denied.

## CONCLUSION

For the foregoing reasons, the Motion is granted in part and denied in part. Plaintiffs are awarded $77,317.25 in attorney's fees and $5,259.45 in costs due jointly and severally from all Defendants.

Judgment shall be entered in accordance with the jury's verdict, against Defendants in the amounts set forth in Table 1, with prejudgment interest accruing at 9% per annum on unpaid minimum wages and unpaid overtime wages based on the midpoint dates set forth in Table 2. Plaintiffs shall also be awarded post-judgment interest, as calculated under 28 US.C. § 1961.

Pursuant to N.Y. Lab. Law § 663(4), if any amounts remain upon the expiration of 90 days following issuance of judgment, or 90 days after the expiration of the time to appeal and no appeal

therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by 15%.

The Clerk of Court is respectfully directed to enter judgment consistent with this order and close the case.

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

March 17, 2026
Brooklyn, New York

25