UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

IN RE WANG LITIGATION

**MEMORANDUM AND ORDER**
20-CV-05410 (OEM) (TAM)
21-CV-03254 (OEM) (TAM)
21-CV-07194 (OEM) (TAM)


-------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

Plaintiffs Qian Wang a/k/a Sarah Wang, Zhanwen Chi, Tiande Wang, Ya Xu, Lu Yang, Jian Min Xu, Yuanfu Gao, and Jin Cheng Miao (collectively, "Plaintiffs") commenced this action against Defendants Kirin Transportation Inc. d/b/a Kirin Transportation ("Kirin"), Hebei Tiankai Foundation Engineering Technical Co., Ltd. d/b/a Hebei Tiankai Wood & Land Construction ("Hebei"), Qiang Chen a/k/a Frank Chen ("Frank Chen"), Marriana Yuhua Song a/k/a Nancy Song ("Nancy Song"), Qiuxiang Shi a/k/a Qiu Xian Shi ("Qiu Xian Shi"), and Wei Wang a/k/a Maggie Wang ("Maggie Wang") (collectively, "Defendants") for violations of the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). *See generally* Complaint, Dkt. 1 ("Complaint" or "Compl."). On December 15, 2025, after an 11-day jury trial, the jury returned a verdict in favor of Plaintiffs against all Defendants, except for Maggie Wang, for violations of the NYLL. *See* Dkt. 148 to 148-7 ("Jury Verdict Sheets").

Plaintiffs filed a motion for entry of judgment under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") and for attorney fees on January 6, 2026. *See* Memorandum of Law in Support of Motion for Entry of Judgment and Attorney Fees, Dkt. 152. Following full briefing, the Court granted in part and denied in part that motion on March 17, 2026, thereby ordering that judgment shall be entered in accordance with the jury's verdict. *See* Memorandum and Order, dated Mar.

17, 2026, Dkt. 157 ("Judgment Order").  On March 18, 2026, the Clerk of Court entered judgment against Defendants.  *See* Judgment in a Civil Action, Dkt. 158 ("Judgment"). The Clerk of Court issued an amended judgment correcting a clerical error on March 20, 2026.  *See* Judgment in a Civil Action, Dkt. 160 ("Amended Judgment").

Before the Court is Defendants' fully briefed motion for a new trial under Federal Rule of Civil Procedure 59(a) ("Rule 59(a)") and to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").[1]  For the following reasons, Defendants' Motion is denied.

**LEGAL STANDARDS**

**A. Motion for New Trial Pursuant to Rule 59(a)(1)(A)**

Under Rule 59(a)(1)(A), a district court "may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action in law in federal court."  While the "drafters of the rules [did not] enumerate all the grounds for a new trial," 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2805 (3d ed. 1998), courts have interpreted this standard to permit the granting of new trials when "(1) the verdict is against the clear weight of the evidence; (2) the trial court was not fair; (3) substantial errors occurred in the admission or rejection of evidence or the giving or refusal of instructions to the jury; or (4) damages are excessive," *Welch v. United Parcel Serv., Inc.*, 871 F. Supp. 2d 164, 174 (E.D.N.Y. 2012).  Such a motion "may be granted even if there is substantial evidence supporting the jury's verdict."  *DLC Mgmt. Corp. v. Town of Hyde Park*, 163

---

[1] *See* Notice of Motion for Judgment as a Matter of Law Pursuant to F.R.C.P. 50(b) and, Alternatively, Motion for a New Trial Under F.R.C.P. 59(a) or Motion to Alter or Amend a Judgment to Correct a Clear Error of Law or Prevent Injustice Under F.R.C.P. 59(e), Dkt. 161 ("Motion"); Memo of Law in Support of Motion Under F.R.C.P. 50(b) and 59(a) and (e), Dkt. 161-1 ("Defs' Memo"); Memorandum of Law in Opposition to Motion for New Trial and to Alter or Amend Judgment, Dkt. 162 ("Pls' Opposition" or "Pls' Opp'n").  While Defendants move for judgment as a matter of law under Federal Rule of Civil Procedure 50, *see generally* Mot., the Court has already denied the Motion to the extent that it seeks judgment as a matter of law, *see* Judgment Order; Order, dated Apr. 17, 2026.  Additionally, the Court denied the Motion to the extent that Defendants move for reconsideration of the Judgment Order.  *See* Order, dated Apr. 17, 2026.

2

F.3d 124, 134 (2d Cir. 1998).  A court that evaluates such a motion is "free to weigh the evidence [it]self, and need not view it in the light most favorable to the verdict winner," but is cautioned to "rarely disturb a jury's evaluation of a witness's credibility" and "should only grant such a motion when the jury's verdict is 'egregious.'" *Id.*

Granting a new trial is "extraordinary relief." *Welch*, 871 F. Supp. 2d at 174.  Rulings on such motions "are committed to the sound discretion of the district court." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998).  "The Second Circuit has instructed district courts to 'abstain from interfering with [a jury] verdict unless it is quite clear that the jury has reached a seriously erroneous result' that would result in 'a miscarriage of justice.'" *Fioto v. Manhattan Woods Golf Enters., LLC.*, 304 F. Supp. 2d 541, 545-46 (S.D.N.Y. 2004) (quoting *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978)); *Lundstedt v. JP Morgan Chase Bank, N.A.*, 853 F. App'x 704, 709 (2d Cir. 2021) (holding that granting new trial "is warranted 'only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice'" (quoting *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014))).  More generally, "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite of the apple.'" *Sequa*, 156 F.3d at 144.

**B.  Motion to Alter or Amend Judgment Pursuant to Rule 59(e)**

"A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Phillips v. Metro. Transp. Auth.*, 21-cv-5679 (NRM) (LP), 2025 WL 2889272, at *1 (E.D.N.Y. Sep. 17, 2025) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142-43 (2d Cir. 2020)).  Relief under Rule 59(e) is an "extraordinary remedy that is to be employed sparingly." *Moon Rocket Inc. v. City of New York*, 24-CV-4519 (JPO), 2025

3

WL 2324074, at *2 (S.D.N.Y. Aug. 12, 2025) (citation modified); *see also Northwell Health, Inc. v. Blue Cross & Blue Shield of Mass., Inc.*, 23-cv-977 (NJC) (AYS), 2025 WL 3500645, at *5 (E.D.N.Y. Dec. 5, 2025) ("The 'manifest injustice' standard affords the district court substantial discretion and is rarely met.").

## DISCUSSION

The Court assumes the parties' familiarity with the procedural history, prior filings, proceedings, and orders.

### A. Timeliness

As an initial matter, Plaintiffs contend that Defendants' Motion should be denied as untimely. *See* Pls' Opp'n at 4-6. Defendants do not address the timeliness of their Motion. *See generally* Mot.

Motions for a new trial and motions to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. *See* FED. R. CIV. P. 59(b) (setting the deadline to file a motion for a new trial under Rule 59(a)); FED. R. CIV. P. 59(e). "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." FED. R. CIV. P. 6(b)(2); *see also Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n,* 852 F.3d 217, 220 (2d Cir. 2017) (construing Rule 6(b)(2) to apply to Rule 59(e)).

Here, judgment was entered on March 18, 2026. *See* Judgment. Defendants' deadline to move for a new trial or to alter or amend the judgment was therefore April 15, 2026. *See* FED. R. CIV. P. 59(b); FED. R. CIV. P. 59(e). Defendants filed their Motion on April 16, 2026, one day after that deadline. *See* Defs' Mot. Although an amended judgment was entered to correct a clerical error on March 20, 2026, *see* Amended Judgment, "an amended judgment merely correcting errors that were clerical does not constitute a 'new judgment,'" *Marmolejos v. U.S.*, 789 F.3d 66, 71 (2d

4

Cir. 2015).  Further, while Rule 59(b)'s deadline is not jurisdictional and is subject to waiver or an equitable exception, *see Legg v. Ulster Cnty.*, 820 F.3d 67, 78-79 (2d Cir. 2016), Plaintiffs have not waived enforcement, *see* Pls' Opp'n at 5.  Additionally, Defendants do not argue that they should benefit from an equitable exception.  *See generally* Defs' Memo.

Accordingly, Defendants' Motion is denied as untimely.

## B. Merits

### 1. Motion for New Trial

Notwithstanding the untimeliness of Defendants' Motion, Plaintiffs contend that the portion of Defendants' motion seeking a new trial should be denied because Defendants fail to demonstrate serious error or a miscarriage of justice.  *See* Pls' Opp'n at 7-9.  Defendants do not explicitly address this standard but nonetheless argue that the jury made a clear error in its weighing of the evidence given the testimony suggesting that Plaintiffs were independent contractors rather than employees.  *See* Defs' Memo at 24.

On the grounds asserted, Defendants have not established that they are entitled to the "extraordinary relief" that is a new trial.  *Welch*, 871 F. Supp. 2d at 174.  Defendants do no more than identify disputed issues of fact.  As for the issue of independent contractor status, the finder of fact must focus on the "the totality of the circumstances" to determine "whether, as a matter of economic reality, the workers depend on someone else's business for the opportunity to render service or are in business for themselves." *Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 139 (2d Cir. 2017) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)).  This fact-intensive inquiry has led courts in cases involving drivers to reach varying results depending on the particulars of a given case.  *See Saleem v. Corp. Transp. Grp., Ltd.*, 52 F. Supp. 3d 526, 536-37 (S.D.N.Y. 2014) (collecting cases).  While Defendants identify several factors which would

5

support a finding of independent contractor status, *see* Defs' Memo at 8-17, Plaintiffs correctly note in their Opposition that they testified that "Defendants controlled their hours by assigning them to particular appointments in advance and dispatching them, which was corroborated by voluminous documentary evidence. . . . Likewise, [they] testified that they could not work for other transport companies during their working days at Kirin," Pls' Opp'n at 9.  Given the fact-intensive nature of the inquiry and the evidentiary support for their finding, the jury's finding that Plaintiffs were employees rather than independent contractors is not seriously erroneous or a miscarriage of justice.  *See Lundstedt*, 853 F. App'x at 709.

Accordingly, Defendants' Motion is denied on the merits to the extent it seeks an order granting a new trial.

### 2.  Motion to Alter or Amend Judgment

The portion of Defendants' motion seeking to alter or amend the judgment likewise fails. As set forth above, "[a] court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Phillips*, 2025 WL 2889272, at *1 (quoting *Metzler*, 970 F.3d at 142-43).  In its April 17, 2026, Order, the Court denied Defendants' Motion to the extent it sought reconsideration of the Judgment Order, noting that "Defendants fail[ed] to show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See* Order, dated Apr. 17, 2026.  Defendants have filed no additional briefing on these questions and thus present no cogent or compelling reasons to disturb the Court's earlier holding.  *See United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002) (discussing the law of the case doctrine, which holds that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same

case" unless "cogent" and "compelling" reasons militate otherwise); *Gifols, S.A. v. Yu*, 24-cv-00576 (LJL), 2026 WL 836657, at *2 (S.D.N.Y. Mar. 26, 2026) ("Where a party presents the same allegations or factual record previously deemed deficient by a court, the law of the case doctrine forecloses reconsideration of the court's conclusion." (quoting *Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P.*, 1:21-cv-00038-MKV, 2021 WL 535485, at *4 (S.D.N.Y. Feb. 12, 2021))).

Accordingly, Defendants' Motion is denied on the merits to the extent it seeks to alter or amend the judgment.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion is denied.

SO ORDERED.

/s/_____<br>ORELIA E. MERCHANT<br>United States District Judge

June 16, 2026
Brooklyn, New York